## Manufacturers and Mechanics' Bank *versus* John Winship *et al.*

The rule, that a promissory note given in a partnership name shall, in the hands of an innocent holder, be considered, *primâ facie*, as having issued for the partnership account, is limited to cases where the signature or other circumstances indicate a partnership concern.

So that where a partnership was carried on in the name of an individual, it was held, that a note in common form, signed by such individual, did not *primâ facie* bind his copartners; and that upon the question, whether it was given for the use of the copartnership, the burden of proof was on the holder.

Assumpsit on a promissory note signed by John Winship only, payable to Samuel Jaques or order, indorsed by Jaques, and discounted by the plaintiffs in the usual course of banking business. The declaration contained a special count, and several money counts. The cause was tried before *Parker* C. J.

Amos and John Binney, two of the defendants, were attempted to be charged as partners of Winship, and it was proved by articles of copartnership, that at the time of making and discounting the note, they were partners in the business of making soap and candles, at Charlestown. This business required a large capital. Winship was extensively concerned in other business, namely, in mercantile speculations and navigation, in which it was not proved that the Binneys had any concern; neither did it appear that this was known to the plaintiffs.

It was proved that another note signed by Winship, payable to one Hovey and discounted for him by the plaintiffs, or placed in the bank by him as collateral security, and remaining in their possession at the time of Winship's failure, was paid by the Binneys; and it appeared that Hovey was a dealer in tallow.

The jury found specially, that the note was an accommodation note between Winship and Jaques; that it was discounted at the bank, on the belief that the Binneys were liable as copartners in the manufactory at Charlestown only; that the copartnership was generally believed to exist, by those who had dealings with them, and was limited to the

<div style="text-align: right">

Manufac-
turers &c.
Bank
*v.*
Winship.

</div>

manufacture of soap and candles ; and that the note was not discounted to raise money for the business of the firm at the manufactory. It was objected at the trial, by the plaintiffs' counsel, that as no evidence was given on this last point, the jury need not find the fact either way ; but the jury were instructed, that the burden of proof on this point being upon the plaintiffs, of course, if there was no evidence offered, they should find the fact for the defendants.

The verdict was returned subject to the opinion of the Court upon the foregoing facts.

*H. H. Fuller*, for the plaintiffs, now contended, that in *March* 15*th* all cases a promissory note signed with the style of partnership, was *primâ facie* binding on the firm ; and that here the burden of proof was on the Binneys, to show that the money was for the use of Winship alone, and that this fact was known, actually or constructively, to the plaintiffs, when they discounted the note. He cited Gow on Partn. 64, 67, 69, 193 ; 8 Ves. 540 ; 15 Mass. R. 339 ; 7 East, 210 ; 11 Johns. R. 544 ; 4 Johns. R. 251, 271, 279 ; 1 Montag. on Partn. 31, 33, 35, 37 ; Peake's R. 80 ; 3 Dow, 229 ; 4 Campb. 97 ; 1 East, 48 ; 2 Esp. R. 524, 731 ; Chitty on Bills (6th ed.), 29, 30 ; 13 East, 175 ; 4 T. R. 720 ; 13 Mass. R. 178 ; 15 Mass. R. 39 ; 2 Munf. 66 ; 2 Caines's R. 246 ; 1 Campb. 403.

*Hubbard* and *Loring*, *contrà*, cited 4 Johns. R. 265 ; 6 Ves. 602 ; 15 East, 7 ; 6 Esp. R. 18.

PUTNAM J. delivered the opinion of the Court. The au- *April* 7*th.* thorities cited for the plaintiffs establish the position, that a note or draft made or indorsed by an individual partner in the name and firm of the partnership, to an innocent purchaser, shall bind the partnership, notwithstanding the proceeds were misapplied to the separate use of the individual partner. In the language of the chief justice, in *Boardman* v. *Gore*, 15 Mass. R. 340, " there seems to be no limitation of the authority of any one of a copartnership over the credit of the whole, when dealing with persons as one of a house ; such persons having no grounds to apprehend that the one with whom they deal is abusing the confidence of the others "

Such was the case of *Swan et al.* v. *Steele et al.* 7 East,    13

210, where Wood & Payne were trading as partners in groceries, and afterwards admitted Steele to be a dormant partner with them in buying and selling cotton only. That business was to be carried on in the name of Wood & Payne, for the account of Wood, Payne, & Steele, but was not to be at all connected with the business of Wood & Payne as grocers. It happened that Wood & Payne sold cotton to Maitland, and received his bill of exchange in payment, and then they negotiated and paid that bill to Swan *et al.* for groceries. And Steele was properly held liable, notwithstanding he had no concern in the groceries. It was a misapplication of the funds belonging to the cotton concern, in which Swan *et al.* had no participation.

That case is somewhat like the case at bar, inasmuch as both of the concerns were carried on in one copartnership name. But it did not appear in that case, as it does in this, that the plaintiff knew that the name used to carry on the business applied to more than one concern. In the case at bar there is nothing upon the face of the note indicating that it was made on the account of Winship and the Binneys, rather than on the account of Winship alone. It is found that Winship carried on business as a merchant on his own account, and also that the Binneys were connected with him in the manufacturing establishment at Charlestown, which was carried on also in the name and firm of " John Winship." If 't had been proved that the note had been given for the use of the firm at the manufactory, the partners in that concern would be liable. It would have been just like the transaction with Hovey, where Winship gave his note for stock to be manufactured, which the Binneys paid. But the case at bar was left without any evidence upon that point, and the direction of the chief justice seems to have been perfectly correct, that the burden of proof was upon the plaintiffs. The partners are not to be charged unless upon their contract, and no recovery is to be had against them, so long as it remains doubtful whether they have or have not made the contract declared upon.[1]

---

[1] See *United States Bank* v. *Binney,* 5 Mason, 176; *S. C* 5 Peters, 529

The rule that a note or draft given in a partnership name, shall, in the hands of an innocent holder, be *primâ facie* considered as having issued for the partnership account, must be confined to cases where the signature or other circumstances indicate a partnership concern.[1] In such cases the burden of proof would rest upon the defendants. They might show that the partnership name had been misapplied, and that the holder knew that the paper was made for the account of the individual, and without the knowledge of the other partners.

From the fact found by the jury, that this was an accommodation note between Winship and Jaques, it would seem more likely that it related to the private concerns of Winship, than to those of the partners. At any rate the uncertainty resting upon the face of the note would still continue. The plaintiffs knew, or might have known, that Winship was openly engaged in commercial speculations upon his own account, which were wholly unconnected with the manufactory, and that his signature might relate as well to one concern as to the other. If therefore they meant that the note should be enforced against the partnership, they should have ascertained that the signature of Winship was intended for the signature of the firm. But they made no such inquiry; and it does not appear that Winship or Jaques ever made any representation to that effect. And although it appears that the plaintiffs supposed that the Binneys would be answerable, because they were partners with Winship in the manufactory, yet they gave no intimation whatever to the parties to the note to be discounted, that such was their understanding of the contract.

<div style="margin-left:2em">Manufac-
turers &c
Bank
*v.*
Winship.</div>

---

*Etheridge* v. *Binney*, 9 Pick. 272; *South Carolina Bank* v. *Case*, 8 Barn. & Cressw. 427; *S. C.* 2 Man. & Ryl. 459.

But where it did not appear that the acting partner carried on a separate business on his own account, and also in his own name, and where he borrowed money in his own name, it was held that in the absence of evidence, the presumption of law was, that the money was borrowed on account of the partnership. *Mifflin* v. *Smith*, 17 Serg. & Rawle, 165. See further, Collyer on Partn. 227; Bayley on Bills, (Phil. and Sewall's 2d ed.) 52 to 54; *Chazournes* v. *Edwards*, 3 Pick. (2d ed.) 5, and notes to that case.

[1] See *Livingston* v. *Roosevelt*, 4 Johns. R. 265; Collyer on Partn. 286 to 289

Manufac-
turers &c.
Bank
*v.*
Winship.

Upon consideration of all the facts in the case, we are all of opinion that the judgment must be rendered upon the verdict for the defendants.